IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES W. JOHNSON, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C05-0004<br><br>**ORDER** |

This matter comes before the court pursuant to briefs on the merits of this application for disability insurance benefits. The parties consented to exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636c). The court finds that this action be reversed and remanded for consideration of the evidence contained in the plaintiff's subsequent application for disability benefits.

## Procedural Background

Plaintiff James W. Johnson, Jr. applied for Title II social security benefits and Title XVI supplemental security income benefits on April 2, 2002, alleging an inability to work since July 15, 1999, due to heart and mental problems.[1] His application was denied and denied again on reconsideration. A hearing before Administrative Law Judge (ALJ) Andrew T. Palestini was held on December 10, 2003. In an opinion dated January 26, 2004, the ALJ denied benefits. On December 3, 2004, the Appeals Council denied the

---

[1] While his first claim for disability benefits was pending at the Appeals Council, the plaintiff filed a new application for benefits and was immediately granted benefits. Accordingly, the plaintiff seeks unpaid back benefits beginning July 15, 1999 and through the date that he was awarded benefits based on his subsequent application, January 27, 2004.

plaintiff's request for review. This action for judicial review was timely filed on January 3, 2005.

The plaintiff argues that this court should reverse the ALJ's determination that the plaintiff is not disabled, and remand for benefits, because (1) the plaintiff is presumptively disabled because he meets or equals Listing 12.05C;[2] (2) the plaintiff is presumptively disabled because he meets Cardiac Listing §4.04C;[3] (3) the ALJ erred in failing to properly consider the plaintiff's obstructive sleep apnea; and (4) the Appeals Council erred in failing to obtain the claims file which approved the plaintiff's subsequent application for disability benefits. On December 7, 2005, the plaintiff filed a notice to this court concerning the Eighth Circuit Court of Appeals' decision in Maresh v. Barnhart, 438 F.3d 897 (8th Cir. 2006). The plaintiff argues that "the Eighth Circuit's decision in Maresh supports the [plaintiff's] argument that he is disabled as he meets 20 C.F.R. Part 404, Subpt. P, App.1, §12.05C."

## CONCLUSIONS OF LAW

### Scope of Review

In order for the court to affirm the Administrative Law Judge's (ALJ) findings of fact, those findings must be supported by substantial evidence appearing in the record as a whole. See Lochner v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989). Substantial evidence is more than a mere scintilla. It means relevant evidence a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1997); Cruse, 867 F.2d at 1184; Taylor v. Bowen, 805 F.2d 329, 331 (8th Cir. 1986). The court must take into account evidence which fairly detracts from the ALJ's findings. Cruse, 867 F.2d at 1184; Hall v. Bowen, 830 F.2d 906, 911 (8th Cir. 1987). Substantial evidence requires "something less

---

[2] 20 C.F.R. Pt.404, Subpt.P, App.1, § 12.05.

[3] 20 C.F.R. pt.404, Subpt.P, app. 1, § 4.04C.

2

than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Cruse, 867 F.2d at 1184 (quoting Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966)). The court must consider the weight of the evidence appearing in the record and apply a balancing test to contradictory evidence. Gunnels v. Bowen, 867 F.2d 1121, 1124 (8th Cir. 1989); Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987).

In reviewing the record in this case, the court must determine whether the Appeals Council's apparent failure to consider evidence based on the plaintiff's subsequent approval of benefits warrants a remand where the Appeals Council acknowledged the subsequent award but no further elaboration of the evidence from that claim was included in its opinion. Further, the court must consider whether substantial evidence supports the ALJ's decision that the plaintiff is not disabled.

## ALJ's Determination of Disability

Determining whether a claimant is disabled is evaluated by a five-step process. See 20 C.F.R. § 404.1520(a)-(f); Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

> The five steps are:
> (1) If the claimant is engaged in substantial gainful activity, disability benefits are denied.
> (2) If the claimant is not engaged in substantial gainful activity, her medical condition is evaluated to determine whether her impairment, or combination of impairments, is medically severe. If the impairment is not severe, benefits are denied.
> (3) If the impairment is severe, it is compared with the listed impairments the Secretary acknowledges as precluding substantial gainful activity. If the impairment is equivalent to one of the listed impairments, the claimant is disabled.
> (4) If there is no conclusive determination of severe impairment, then the Secretary determines whether the claimant is prevented from performing the work she

> performed in the past. If the claimant is able to perform her previous work, she is not disabled.
>
> (5) If the claimant cannot do her previous work, the Secretary must determine whether she is able to perform other work in the national economy given her age, education, and work experience.

Trenary v. Bowen, 898 F.2d 1361, 1364 n.3 (8th Cir. 1990) (citing Bowen v. Yuckert, 482 U.S. at 140-42); 20 C.F.R. § 404.1520(a)-(f).

"To establish a disability claim, the claimant bears the initial burden of proof to show that he is unable to perform his past relevant work." Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir. 1995) (citing Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993)). If the claimant meets this burden, the burden of proof then shifts to the Commissioner to demonstrate that the claimant retains the physical residual functional capacity (RFC) to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education and work experience. Id.

Under the first step of the analysis, the ALJ determined that the plaintiff had not engaged in substantial gainful employment since July 15, 1999. At the second step, the ALJ determined the plaintiff had the following impairments: coronary artery disease, status post coronary angioplasty and bypass times two, diabetes mellitus type II, obstructive sleep apnea, morbid obesity, a history of learning disability in reading, borderline to low average intellectual functioning, and a history of substance abuse and alcohol abuse. At the third step, the ALJ determined that the Plaintiff's impairments were not equivalent to one of the listed impairments. At the fourth step, the ALJ determined the plaintiff had the following residual functional capacity:

> to perform the exertional and nonexertional requirements of work except for lifting no more than twenty pounds occasionally, and no more than ten pounds frequently. He can sit and stand six hours total in an eight-hour workday, and can only occasionally bend, squat, crawl, kneel, and climb steps.

> He cannot perform extensive walking, and should avoid exposure to excessive heat, humidity, and cold temperatures in the work area. He can perform simple, routine, repetitive work and can have at least short, superficial interaction with others to perform his job duties. He can read at no more than a third grade level and is capable of performing basic math calculations, although he would do better using paper and pencil or a calculator.

The ALJ determined that the plaintiff is unable to perform his past relevant work; however, based on the RFC set forth above, the ALJ found that the plaintiff could engage in work in the national economy such as fishing reel assembler, lamp shade assembler, toy assembler, and hardware plumbing assembler. Accordingly, the ALJ determined that the plaintiff was not "disabled," and denied benefits.

## The Plaintiff's Subsequent Disability Claim

The plaintiff argues that the Appeals Council erred in failing to obtain the claims file approving the plaintiff's subsequent application for disability benefits, in order to determine whether that file contained new and material evidence relating to the plaintiff's prior, denied, claim. The record before the court does not indicate what is contained in the subsequent disability claim file. However, the plaintiff contends that the evidence in the subsequent claim file was sufficient to justify a subsequent award and should therefore be included in the record in this case. The plaintiff argues that the records comprising the subsequent claim file came very shortly after the ALJ's decision and address his functioning prior to the ALJ's decision as well following the ALJ's decision but during the time that the Appeal's Council was to consider his request for review. Therefore, the plaintiff argues that because the Appeals Council knew the evidence existed but failed to obtain it, remand is now required. The record indicates that the Appeals Council considered only the fact of the plaintiff's subsequent award of benefits. There is no indication that the Appeals Council requested or reviewed the file to determine whether the

5

evidence contained in it related back to the initial disability determination at issue in this case.

Social Security internal regulation, HALLEX § I 5-317 describes the procedure if a new claim is approved while a prior claim is pending at the Appeals Council level. The regulation states:

> If the initial (or reconsidered) determination in the subsequent claim is favorable, the AC [Appeals Council] will consider the evidence in the subsequent claim to determine whether there is new and material evidence relating to the prior claim. The AC will expedite its action on the request for review in this situation.
> The AC may also conclude that the favorable determination on the subsequent claim was incorrect. In such cases, the AC may exercise the Agency's authority under existing regulations for review and reopening to review the subsequent favorable determination.

HALLEX § I 5-317.

This court has addressed the issue of when the ALJ and Appeals Council must consider the evidence submitted in the subsequent claim and the consequences of not doing so in Huff v. Barnhart. Huff v. Barnhart, No. C01-4112, slip op. at 7 (N.D. Iowa Jan. 27, 2003). The court noted that the particular internal regulation at issue in Huff and in this case has yet to be addressed by the Eighth Circuit. Id. at 8. The Eighth Circuit has noted that other Social Security guidelines have no legal force and are not binding on the Commissioner, "[h]owever, merely because an agency's internal regulations are 'not legally binding' does not mean the agency's internal regulations manual is not persuasive or that a court is precluded from considering the agency's internal regulations." Id. (citations omitted). The court in Huff stated that it could not determine whether a reasonable possibility existed that the evidence from Huff's subsequent application would have affected the outcome in his previous case because the evidence was never made a part of the record and was not discussed by the ALJ. Id. at 9. The court concluded "that when

6

a decision is 'not accompanied by any statement regarding how the additional evidence was evaluated by the Appeals Council and the weight given to these records,' error is committed, 'thereby preventing this Court from determining whether substantial evidence supported the Commissioner's decision." Id. at 10 (citation omitted).

This case differs from Huff in that the Appeals Council in this case did acknowledge the plaintiff's subsequent favorable decision in its opinion. However, only the fact that the plaintiff was found disabled was considered. The Appeals Council did not elaborate on how it evaluated the additional evidence from the subsequent claims file, if at all, or the weight given to it. Both the internal regulation itself and the decision in Huff seem to indicate that the Appeals Council was to consider the evidence contained in the plaintiff's subsequent file, not just the fact that he was found disabled. Simply acknowledging the fact of the subsequent decision does not appear to be sufficient.

This court agrees with the reasoning from Huff that it is a specific responsibility of the Social Security Administration to consider all the evidence available. Id. at 11. Once the Department of Disability Services determined the plaintiff's onset date of disability on his subsequent application, the Commissioner had a responsibility to send the favorable determination to the Appeals Council to determine whether it contained new and material evidence relating to the period that was before the ALJ on the first application. Id.

Because the evidence presented in the subsequent claim was never made part of the record, this court "is at a loss as to how it can possibly decide whether there is substantial evidence in the record as a whole to support" the ALJ's decision. Id. Remand is necessary in this case to allow the defendant to determine the materiality of the evidence presented in the subsequent claim, and further to determine whether that evidence relates back to the plaintiff's condition during the time period covered by the ALJ's decision. Therefore, this court finds, as the court did in Huff, that the substantive merits of the

plaintiff's claim are not before the court and the plaintiff's other objections cannot be considered at this time.

Upon the foregoing,

IT IS ORDERED that this case be remanded for further proceedings with instructions that the record be fairly and fully developed and articulate an assessment of the evidence of the subsequent claim.

March 31, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT